**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| JARRELL CURNE,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS ADMINISTRATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:24-CV-00815-BCW |

# ORDER

Before the Court are Plaintiff's motion to lift stay for a limited purpose (Doc. #120), motion to transfer venue (Doc. #122), motion to strike (Doc. #125), and motion for the Court to take judicial notice (Doc. #126). The Court, being duly advised of the premises, lifts the stay in this case, denies as moot the motion to lift stay, denies the motion to transfer venue, denies the motion to strike, and grants in part and denies in part the motion to take judicial notice.

## BACKGROUND

On December 20, 2023, pro se Plaintiff Jarrell Curne filed Case No. 4:24-CV-00815-BCW, Curne v. Small Business Administration, et al. ("Curne I"), in the United States District Court for the District of Columbia. (Docs. #1, #26). On December 10, 2024, the D.C. Court partially dismissed Plaintiff's amended complaint and ordered that the surviving claims—a Bivens claim against the John Doe Defendants and a claim against the United States for unlawful disclosure of tax information—be transferred to the Western District of Missouri. (Docs. #57, #58).

On February 20, 2025, Plaintiff filed Case No. 4:25-CV-00119-BCW, Curne v. Thomas, et al. ("Curne II"), in this Court alleging a Bivens claim. (Doc. #87). On April 16, 2025, the Court consolidated Curne II with Curne I under the above-captioned case number.

Before this consolidated civil action commenced, the Grand Jury returned an Indictment against Jarrell Curne on September 6, 2023, charging him with two counts of fraud and 28 counts of money laundering in United States of America v. Jarrell Curne, Case No. 4:23-CR-00205-BCW-1 (the "Criminal Case").

On June 17, 2025, the Court stayed this consolidated action pending resolution of the Criminal Case. (Doc. #111). On December 18, 2025, Plaintiff pleaded guilty, and on May 14, 2026, Plaintiff was sentenced in the Criminal Case. (Case No. 4:23-CR-00205-BCW-1, Docs. #113, #122).

On May 17, 2026, Plaintiff filed a motion to lift stay for the limited purpose of filing a motion to transfer venue. (Doc. #120). On the same date, Plaintiff filed a motion to transfer venue to the District of Kansas. (Doc. #122). On June 1, 2026, the United States filed opposing suggestions to both motions stating it does not oppose lifting the stay in this case but does oppose transferring venue. (Doc. #123). On June 4, 2026, Plaintiff filed reply suggestions. (Doc. #127).

On June 4, 2026, Plaintiff filed a motion to strike the United States' opposing suggestions for failure to include a certificate of service. (Doc. #125). The United States did not file a response.

Also on June 4, 2026, Plaintiff filed a motion "to notice the Court of related lawsuit filing and position on IRS claims." (Doc. #126).

## ANALYSIS

### A. The stay of this case is lifted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Clinton v. Jones, 520 U.S. 681, 706 (1997).

This case was stayed pending resolution of the Criminal Case. The Criminal Case was resolved by plea and closed following Plaintiff's sentencing hearing on May 14, 2026. As a result, the purpose of the stay has been fulfilled and there is no longer a reason to stay this consolidated action. The stay of this case is lifted.

**B. Plaintiff's motion to strike the United States' opposing suggestions is denied.**

Plaintiff argues the United States' opposing suggestions should be stricken because it lacks a certificate of service, which violates federal procedural rules. (Doc. #125).

Under Fed. R. Civ. P. 5(d)(1)(B), "[n]o certificate of service is required when a paper is served by filing it with the court's electronic-filing system." The United States' opposing suggestions do not contain a certificate of service. See (Doc. #123). However, the document was filed via the Court's CM/ECF system and served via electronic filing upon all parties with online filing privileges, which includes Plaintiff. The United States' filing complies with procedural rules, and Plaintiff's motion to strike is denied. See also Stanbury L. Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (holding that striking is an "extreme measure," and motions to strike "are viewed with disfavor and are infrequently granted.").

**C. Plaintiff's motion to lift stay is denied.**

Plaintiff argues the stay in this case should be lifted for the limited purpose of determining venue. (Doc. #20). In the supporting suggestions to his motion to lift stay, Plaintiff criticizes the attorney who represented him in the Criminal Case and the circumstances under which he entered a plea of guilty.

Since the stay in this case is lifted in its entirety, Plaintiff's motion is denied as moot. To the extent Plaintiff's motion attacks the validity of the guilty plea he entered in the Criminal Case, the request is inappropriate and denied on the merits. See Nichols v. Symmes, 553 F.3d 647, 649

(8th Cir. 2009) ("A claim attacking the validity of a guilty plea, and therefore the underlying sentence, is properly entertained in a § 2255 petition before the sentencing court.").

**D. Plaintiff's motion to transfer venue is denied.**

Plaintiff argues venue should be transferred to the District of Kansas. (Doc. #122). Plaintiff states that he never lived at the Missouri address he provided, he lives in Kansas, and he only used the Missouri address to hide his true address from an individual he fears. Plaintiff argues transfer is warranted for the convenience of the parties and witnesses. Plaintiff also argues the majority of events occurred in Kansas, and the event at his mother's house in Missouri is a secondary issue.

The United States argues venue is proper in the Western District of Missouri, where a substantial part of the events giving rise to the claims occurred and where the Criminal Case was located. (Doc. #123). The United States further argues that the event at Plaintiff's mother's house in Missouri is the primary issue as it is the basis for the surviving Bivens claim. The United States also opposes venue transfer because it intends to file a dispositive motion, and it argues transfer would unnecessarily delay motion practice.

"Section 1404(a) governs the ability of a federal district court to transfer a case to another district." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a).

It is undisputed that venue in this District is proper, and Plaintiff has not shown that the convenience of parties and witnesses would be improved by transfer. Plaintiff concedes that his mother lives in this District, and he discloses that he and one other witness live at an address approximately 25 miles or 30 minutes from the courthouse. See Oien v. Thompson, 824 F. Supp.

2d 898, 903–04 (D. Minn. 2010) (denying motion to transfer venue where movant lived 26.85 miles from the courthouse). Plaintiff offers no other evidence of hardship. Also, contrary to Plaintiff's argument, the majority of events giving rise to this litigation occurred in this District. Plaintiff has not shown that convenience of the parties and witness would be served by transfer, so his motion to transfer venue is denied.

**E. Plaintiff's motion for the Court to take judicial notice is granted in part and denied in part. The court takes judicial notice of the existence of Plaintiff's lawsuit in the District of Kansas but does not take judicial notice of Plaintiff's position on the issues in that case.**

Plaintiff argues in his "motion to notice the Court of related lawsuit filing and position on IRS claims" that the Court should take judicial notice of a lawsuit Plaintiff filed in the District of Kansas. (Doc. #126). The United States did not file a response.

A court may take judicial notice of an adjudicative fact pursuant to Federal Rule of Evidence 201. "The court may take judicial notice at any stage of the proceeding," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) & (d). Importantly, "[a] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Murphy v. Kmart Corp., No. CIV 07-5080-JLV, 2010 WL 3703708, at *3 (D.S.D. Sept. 15, 2010) (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir.1992)).

The Court takes judicial notice of the existence of Curne v. Mattivi et al., Case No. 2:25-cv-02687-KHR (D. Kan.). However, the Court declines to take notice of Plaintiff's position with respect to the claims asserted in the case. The information and statements contained within the court records of the Kansas case constitute inadmissible hearsay, and Plaintiff offers no hearsay exception allowing for their admission. See id. ("When offered to prove the facts stated, court

records are hearsay[.]"). Thus, Plaintiff's motion is granted in part and denied in part. Accordingly, it is hereby

ORDERED Plaintiff's motion to lift stay for a limited purpose (Doc. #120) is DENIED AS MOOT. It is further

ORDERED Plaintiff's motion to transfer venue (Doc. #122) is DENIED. It is further

ORDERED Plaintiff's motion to strike (Doc. #125) is DENIED. It is further

ORDERED Plaintiff's motion for the Court to take judicial notice (Doc. #126) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

Dated: August 28, 2026

/s/ Brian C. Wimes
BRIAN C. WIMES, CHIEF JUDGE
UNITED STATES DISTRICT COURT